IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00202-BNB

PETER ERLANDSON,

    Plaintiff,

v.

NORTHGLENN MUNICIPAL COURT,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 15 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Peter Erlandson initiated this action by filing *pro se* a complaint. On February 6, 2008, he filed an amended complaint. Mr. Erlandson is challenging the validity of a municipal court conviction. Mr. Erlandson also has filed a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. That motion will be granted.

The Court must construe the amended complaint liberally because Mr. Erlandson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint and the action will be dismissed.

As noted above, Mr. Erlandson is challenging a municipal court conviction. He alleges that he was charged, tried, and convicted in the City of Northglenn, Colorado, Municipal Court of littering his own property and that his rights under the United States

Constitution were violated in the course of the municipal court proceedings. Mr. Erlandson asserts that he was fined $235.00 as a result of the municipal court conviction he is challenging in this action. As relief he asks to have the municipal court conviction overturned.

To the extent Mr. Erlandson seeks to overturn his state court conviction, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973). Pursuant to § 2254(a), Mr. Erlandson must be in custody in order to seek habeas corpus relief. "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973).

As noted above, Mr. Erlandson alleges that his municipal court conviction resulted only in a monetary fine. However, the imposition of a fine, by itself, does not satisfy the custody requirement. *See Fields v. Oklahoma*, 243 Fed. App'x 395, 397 (10th Cir. 2007) (collecting cases). Therefore, because Mr. Erlandson is not in custody, the habeas corpus claims he raises seeking to overturn his municipal court conviction must be dismissed. Accordingly, it is

ORDERED the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 filed on January 22, 2008, is granted. It is

FURTHER ORDERED that the complaint, the amended complaint, and the action are dismissed.

DATED at Denver, Colorado, this 14 day of February, 2008.

BY THE COURT:

/s/ Zita L. Weinshienk
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00202-BNB

Peter Erlandson
1251 Beth Lane
Northglenn, CO 80234

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/15/08

                                GREGORY C. LANGHAM, CLERK

                                By: _____
                                          Deputy Clerk