IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00202-ZLW

PETER ERLANDSON,

Plaintiff,

v.

NORTHGLENN MUNICIPAL COURT,

Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 27 2008

GREGORY C. LANGHAM
                    CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Peter Erlandson has filed *pro se* on February 20, 2008, a document titled "Appeal of Order of Dismissal" in which he asks the Court to reconsider and vacate the Court's Order of Dismissal filed in this action on February 15, 2008. The Court must construe the document liberally because Mr. Erlandson is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Court will construe the "Appeal of Order of Dismissal" as a motion to reconsider. For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Erlandson filed his motion to reconsider within ten days after the

Court's Order of Dismissal. Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). **See Van Skiver**, 952 F.2d at 1243.

Mr. Erlandson is challenging in this action a municipal court conviction that resulted only in a monetary fine and he asks the Court to reverse that conviction. The Court determined that Mr. Erlandson was seeking habeas corpus relief and dismissed the action because Mr. Erlandson is not in custody for the purposes of the habeas corpus statute. Mr. Erlandson states in his motion to reconsider that he did not request a writ of habeas corpus, but he reiterates that the relief he seeks is to have his municipal court conviction overturned.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Erlandson fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000). Mr. Erlandson does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. The Court remains convinced that Mr. Erlandson's sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and that he does not satisfy the custody requirement of that statute. Therefore, the motion to reconsider will be denied. Accordingly, it is

2

ORDERED that the "Appeal of Order of Dismissal" filed on February 20, 2008, which the Court has construed liberally as a motion to reconsider, is denied.

DATED at Denver, Colorado, this 27 day of February, 2008.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00202-BNB

Peter Erlandson
1251 Beth Lane
Northglenn, CO 80234

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  2/27/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk